UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80124-CR-ROSENBERG

UNITED STATES OF AMERICA

vs.

KENNETH BAILYNSON,
MARK AGRESTI
STEPHANIE CURRAN, and
MATTHEW NOEL,
       **Defendants.**
_____/

## PROTECTIVE ORDER

This matter came before the Court on the United States' Unopposed Motion for Permission to Produce Records to Defense Counsel Pursuant to a Protective Order. Having considered the Motion and the record in this case, and good cause having been shown therefore, the Motion is hereby GRANTED.

Accordingly, it is HEREBY ORDERED THAT:

1. The government is authorized to produce discovery to the defendants in encrypted form, that is, counsel for the defendants shall provide 1 terabyte encrypted hard drives to counsel for the government, and FBI personnel shall load the discovery onto the encrypted drives provided by defense counsel and return them. Items that are not available in electronic format shall be made available for review at the offices of the FBI. If any of those documents later become available in electronic format, they shall be loaded onto defense counsels' encrypted hard drives.

2. Defense counsel shall maintain the encrypted drives in a locked room, locked file cabinet, or other secure area when not in use.

3. No copies of the encrypted drives may be made. If documents containing patient

identifying information are printed from the encrypted drive, they shall be maintained in a locked room, locked file cabinet, or other secure area when not in use. If a party wishes to share an electronic copy of one of the documents or items on the encrypted drives containing patient identifying information, the copy must be encrypted and stored in a locked room, locked file cabinet, or other secure area when not in use. Documents and information that do not contain patient identifying information are not subject to the restrictions set forth in this paragraph.

    4.  Any individually identifiable medical information which is disclosed to the defendants in this proceeding shall be held in strictest confidence by defense counsel, and access to this material shall be restricted. Access to this information shall be permitted to defense counsel staff only to the extent necessary to prepare their client's defense. Such information may be further disclosed by defense counsel to their client and to expert witnesses hired by the defense who must review and agree to be bound by the terms of the Protective Order. Persons to whom any such information is disclosed on behalf of the defendant shall not further disclose or disseminate this information without further Order of the Court. Documents and information that do not contain patient identifying information are not subject to the restrictions set forth in this paragraph.

    5.  No individually identifiable medical information related to individuals who are not defendants or witnesses shall be entered in the record during trial, either through testimony or documents, or in motions in this proceeding, unless all practicable means of masking or redacting individual identifying information have been employed. If it is not practicable to mask individual identifiers during testimony, or to redact individual identifiers from exhibits or motions, then the party wishing to proffer such evidence will first seek approval from the Court to do so and shall file such motions and exhibits under seal.

6. At the conclusion of this proceeding, meaning the conclusion of trial, following sentencing, the issuance of a mandate from the 11th Circuit Court of Appeals, United State Supreme Court opinion, United States Supreme Court certiorari order, post conviction relief order, or 11th Circuit post conviction relief opinion, whichever comes last, all individually identifiable medical information which was not entered in the record at trial through testimony or exhibits, and which is unnecessary to the maintenance of the record of the proceeding, shall be destroyed. Counsel for the parties may maintain the encrypted drives through the completion of any direct appeals. After that, the encrypted drives must be electronically "wiped" and counsel for the parties must file a certification with the Court of their compliance with this process. Alternatively, counsel for the parties may return the encrypted drives to the FBI, who will maintain possession of the hard drives and dispose of them at the appropriate time.

7. The FBI may maintain the evidence collected in the case in accordance with its 42 U.S.C. 290dd-2 and other file retention and destruction protocols.

DONE AND ORDERED this 1st day of August, 2018, at West Palm Beach, Florida.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

**I certify that I have read and agree to be bound by the terms of this Protective Order:**

Date: _____

_____
(Signature of Defendant, Defense Counsel
Employee/Investigator, or Expert Witness)



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

*James Lawrence King Building*
*99 N.E. 4th Street,*
*Miami, FL, 33132*

July 23, 2018

Re:   Investigation of Good Decisions Sober Living, Inc., Kenneth Bailynson; and Other Individuals

Dear Sir or Madam:

I write to notify you that medical and insurance records concerning your treatment at Good Decisions Sober Living, Inc. (GDSL), a Sober Home operating in Palm Beach County, Florida, have been collected as part of a criminal investigation. Prior to collecting those records, in accordance with federal law, an Order was obtained from a federal judge, United States District Judge Kenneth A. Marra. Judge Marra's Order directed the members of the investigative team to maintain the records in strict confidence and forbade the investigative team from using the records to investigate or prosecute any patient.

Judge Marra's Order provided that, if the investigation led to criminal charges against employees or agents of a substance abuse treatment program, then notice needed to be provided to the patients prior to producing discovery to the defendants in the case. As of today's date, four people have been indicted by a federal grand jury with conspiracy to commit health care fraud and other offenses, in Case No. 18-CR-80111-ROSENBERG. Please note that an indictment is merely an allegation and that all charged individuals are presumed innocent unless and until proven guilty beyond a reasonable doubt in a court of law.

Judge Marra's Order further provided that, prior to the production of discovery, a Protective Order would have to be in place that would restrict the dissemination of private patient records. Before this occurs, you are allowed to file a motion with the Court seeking revocation or amendment of Judge Marra's Order. Under Title 42 of the United States Code and Chapter 42 of the Code of Federal Regulations, any such motion must be limited to the presentation of evidence on the statutory and regulatory criteria for the issuance of Judge Marra's Order.

If you wish to file a motion, please send it to the Clerk's Office, United States District for the Southern District of Florida, 701 Clematis Street, West Palm Beach, Florida 33401. Please also send a copy to me so that I can insure that it is properly filed with the Court. My address is: James Lawrence King Building, 99 N.E. 4th Street, Miami, FL, 33132.

PATIENT NOTIFICATION PURSUANT TO TITLE 42
JULY 25, 2018
PAGE 2

Any motion should bear the following Caption at the top of the first page:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

COURT FILE NO.  GJ 16-01 (WPB)

IN RE:

APPLICATION FOR ORDER TO COLLECT,
DISCLOSE, AND USE MEDICAL RECORDS TO
INVESTIGATE GOOD DECISIONS SOBER LIVING, INC.,
AND ITS OWNERS, EMPLOYEES, INDEPENDENT CONTRACTORS,
AND AGENTS
_____/

MOTION TO REVOKE OR AMEND TITLE 42 DISCLOSURE ORDER

**If you wish to file a motion, you must do so not later than Monday, July 30, 2018.**

Please note that, regardless of whether you seek to revoke or amend Judge Marra's Order, the U.S. Attorney's Office will file a Motion for Protective Order asking the Court to order counsel for the defendants to maintain your medical records in strictest confidence.

If you have any questions, or if you wish to receive notifications regarding the status of the criminal case, or if you wish to obtain a copy of Judge Marra's Order or the Application for the Order, please email Department of Labor Senior Investigator Gary Burnett, at Burnett.Gary@dol.gov. If you would like to speak to a Victim-Witness Specialist with the Federal Bureau of Investigation or the United States Attorney's Office, please notify Mr. Burnett and he will put you in touch with a Specialist.

Sincerely,

BENJAMIN G. GREENBERG
United States Attorney

By:   /s/ *James V. Hayes*
James V. Hayes
Trial Attorney – DOJ

cc:   Mr. Gary Burnett, DOL.